Natu J. Patel, SBN 188618
Jason Chuan, SBN 261868
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Office:      949.955.1077
Facsimile:   949.955.1877
NPatel@thepatellawfirm.com
JChuan@thepatellawfirm.com

Attorneys for Plaintiff,
Starbuzz Tobacco, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California Corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>TRIDENT GROUP, LLC, a New Jersey Limited Liability Company, NICOPURE LABS, LLC, a New Jersey Limited Liability Company, and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br><br>**1. TRADEMARK INFRINGEMENT (UNDER 15 U.S.C. §1114);**<br><br>**2. TRADEMARK INFRINGEMENT (UNDER 15 U.S.C. §1125);**<br><br>**3. COMMON LAW TRADEMARK INFRINGEMENT; and**<br><br>**4. UNFAIR COMPETITION (UNDER BUS. & PROF. CODE §17200 ET SEQ.)**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

PLAINTIFF, Starbuzz Tobacco, Inc. alleges as follows:

## PARTIES

1.       Plaintiff, Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), is a California corporation, with its principal place of business in the City of Garden Grove, Orange County, California.

2.       Defendant Trident Group, LLC ("Trident"), is a New Jersey limited liability company with a principal place of business located at 231 West Parkway, Pompton Plains, NJ 07444.

3.       Defendant Nicopure Labs, LLC ("Nicopure"), is a New Jersey limited liability company with a principal place of business located at 231 West Parkway, Pompton Plains, NJ 07444.

4.       Plaintiff is informed and believes, and on that basis alleges, that Nicopure is the successor in interest to Trident.

5.       Nicopure and Trident are collectively referred to as the "Defendants".

6.       Plaintiff is informed and believes, and on that basis alleges, that Defendants are responsible for their acts and for their conduct, which are the true legal causes for the damages herein alleged.

## DOE ALLEGATIONS

7.       The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown

to Plaintiff at this time, and Plaintiff, therefore, sues said defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this complaint when the same shall have been ascertained.  Plaintiff is informed and believes, and thereon alleges that, each DOE defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereinafter alleged.

8.     Any reference to Defendants shall refer to the named defendants and all DOE defendants, and to each of them.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1117 and 1121, and 28 U.S.C. §§ 1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

10.    Plaintiff is informed and believes, and thereon alleges that, Plaintiff has been relied upon as a provider of e-cigs and vaporizers for sale in retail outlets online and across the country, including California.  Accordingly, the Court has personal jurisdiction over Defendants because they have systematically and continuously engaged in substantial business activities in and directed to California.  Defendants therefore knew, or should have known, that their activities

were directed to California, and the effect of those activities would be felt in California.

11.    Additionally, this Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.  This complaint arises out of those commercial activities.

12.    Venue is proper under 28 U.S.C. § 139l (b) and (c) in that a substantial injury occurred and continues to occur in this district, a substantial portion of the events giving rise to Plaintiff's claims arose in this district, and Defendants are limited liability companies subject to personal jurisdiction within this district.

## INTRODUCTION

13.    This is an action concerning Defendants' infringement of Starbuzz's trademarks.  Defendants have flagrantly disregarded Starbuzz's trademarks, without authorization, to promote their products.  Defendants have done so with the intent to steal the goodwill in Starbuzz's name and trademarks, and injure Starbuzz's reputation.

## FACTUAL BACKGROUND

14.    Starbuzz is a reputable supplier in the field of flavored premium tobacco and non-tobacco flavored products.   Since 2005, Starbuzz has and

continues to manufacture and distribute tobacco products, accessories and related items.

15.    Starbuzz sells its tobacco and related products to thousands of customers and clients, including boutique stores, wholesalers, and suppliers. Starbuzz has used, created and marketed the BLUE MIST Mark continuously over the years.  The BLUE MIST Mark has brought Starbuzz enormous success, and Starbuzz is now known for its high quality products.

16.    Over the past several years, Plaintiff Starbuzz has sold and continues to sell flavored tobacco, electronic cigarettes, and electronic cigarette liquid bearing the following mist-formative trademarks:  BLUE MIST for flavored tobacco, e-liquids, electronic cigarettes, and electronic cigarette cartridges, CITRUS MIST for flavored tobacco and e-liquids,  HAWAIIAN MIST for flavored tobacco, TROPICAL MIST for flavored tobacco, PEACH MIST for flavored tobacco, and CARIBBEAN MIST for flavored tobacco (collectively the "Starbuzz Marks").

17.    A summary of the Starbuzz Marks is as follows:

| **TRADEMARK** | **REG. NO.** | **DATE OF FIRST USE IN COMMERCE** | **Exhibit** |
|---|---|---|---|
| BLUE MIST | 3,619,407 | December 1, 2006 | **A** |
| CITRUS MIST | 3,695,500 | March 4, 2008 | **B** |
| HAWAIIAN MIST | 4,196,953 | June 22, 2011 | **C** |

| **TRADEMARK** | **REG. NO.** | **DATE OF FIRST USE IN COMMERCE** | **Exhibit** |
|---|---|---|---|
| TROPICAL MIST | 4,196,957 | June 22, 2011 | **D** |
| PEACH MIST | 4,287,968 | January 27, 2012 | **E** |
| BLUE MIST | 4,555,623 | July 12, 2013 | **F** |
| CARIBBEAN MIST | 4,556,004 | November 19, 2013 | **G** |
| BLUE MIST | 85/812,403 | August 22, 2012 | **H** |
| CITRUS MIST | 86/113,671 | November 8, 2013 | **I** |
| BLUE MIST | 86/111,645 | July 12, 2013 | **J** |

18.    Starbuzz's registered trademarks are presumed to be distinctive and are not generic.

19.    Starbuzz's trademarks are strong because Starbuzz has sold numerous products bearing these trademarks.  Starbuzz has spent and continues to spend millions of dollars to advertise its trademarks.

**Starbuzz's Sale of Electronic Cigarettes and E-Liquids**

20.    Electronic cigarettes and vaporizers are becoming popular with smokers.  Electronic cigarettes may be disposable or use interchangeable cartridges filled with liquids that contain nicotine and flavoring (the "E-Liquids").  Vaporizers may have refillable reservoirs that contain such E-Liquids.  Both items generate smoke by heating the E-Liquids.

21.    Plaintiff is informed and believes, and thereon alleges that, consumers purchase electronic cigarettes and vaporizers as substitutes or replacements for traditional tobacco products.  As such, consumers of Starbuzz's tobacco products

are likely to recognize electronic cigarettes, vaporizers and E-Liquids bearing Starbuzz's trademarks as Starbuzz's products.

22.     Starbuzz's rights to the Starbuzz Marks are not limited to tobacco products, but extend to related products within the same industry and market, or within the natural zone of expansion.  Starbuzz, therefore, expanded its use of the BLUE MIST and CITRUS MIST marks from its tobacco on to electronic cigarettes and E-Liquid.

**Defendants' Use of Infringing Marks**

23.     Starbuzz recently learned that the Defendants are using marks confusingly similar to the Starbuzz Marks in connection with sale of E-Liquid.

24.     In particular, Defendants willfully and intentionally adopted and used the infringing mark COOL MIST (the "Infringing Mark") in connection with the sale of E-Liquid.  A true and correct copy of a photo of a product bearing the Infringing Mark is attached hereto as **Exhibit K**.

25.     Trident also filed an application to register the Infringing Mark for E-Liquids (Serial No. 86/290,125).  A true and correct copy of the United States Patent and Trademark Office's Trademark Document Retrieval records for the COOL MIST application is attached hereto as **Exhibit L**.

26.     Based upon Trident's representation in applying for registration of the Infringing Mark, Starbuzz is informed and believes, and on that basis alleges, that

Defendants began use of the Infringing Mark on or about April 19, 2010.

Therefore, Starbuzz's use of the BLUE MIST and CITRUS MIST trademarks

predates Defendants' use of the Infringing Mark.  Starbuzz's rights in those marks

therefore have priority over Defendants' rights in the Infringing Mark.

27.     Based upon its preexisting rights in the BLUE MIST and CITRUS

MIST trademarks, Starbuzz's has also expanded its use of the term "MIST" to

include a variety of "MIST" trademarks, including HAWAIIAN MIST,

TROPICAL MIST, PEACH MIST and CARIBBEAN MIST.

28.     Starbuzz is informed and believes, and on that basis alleges, that the

term "MIST" for tobacco products and related products has become associated

with Starbuzz and its products, due to Starbuzz's extensive use of "MIST" as a

trademark.

29.     Starbuzz is informed and believes, and on that basis alleges, that

Defendants knew of Starbuzz's prior use of one or more of the Starbuzz Marks.

Nonetheless, Defendants adopted and/or used the Infringing Mark on their product

(the "Infringing Products") and to advertise their business.

30.     Starbuzz is informed and believes, and on that basis alleges, that given

the similar or related nature of Starbuzz's and Defendants' products, and the

similarity between the Infringing Mark and the Starbuzz Marks, consumers are

likely to be confused as to the source of the Infringing Products.

31.     Starbuzz is further informed and believes, and on that basis alleges, that Defendants intentionally, and in bad faith, adopted and used the Infringing Mark to trade on the goodwill associated with the Starbuzz Marks, to deceive consumers, vendors and third parties, to attract new business in competition to Starbuzz, and to derive an economic benefit therefrom.

32.     Starbuzz has never authorized Defendants to use any of the Starbuzz Marks.  Accordingly, on or about March 25, 2014, Starbuzz sent Defendants a cease and desist letter demanding that the Defendants immediately stop selling the Infringing Products.  A true and correct copy of the cease and desist letter is attached hereto as **Exhibit M**.

33.     Notwithstanding the cease and desist letter, Defendants have continued their willful and wanton infringement.

34.     The products that Defendants offer in connection with the Infringing Marks are in the same category of products, which Starbuzz offers under the Starbuzz Marks.  Therefore, Defendants' use of the Infringing Mark is likely to cause consumer confusion.

35.     Starbuzz is further informed and believes, and on that basis alleges, that Starbuzz and Defendants have convergent marketing channels since they market their products throughout the United States.  Defendants' use of convergent marketing channels increases the likelihood of consumer confusion.

36.     Defendants' continued use of the Infringing Mark is thus likely to lead consumers, retailers, wholesalers, and vendors to mistakenly conclude that Defendants are somehow affiliated, connected, or associated with Starbuzz.  Any dissatisfaction with the Infringing Products is likely to negatively affect Starbuzz's reputation.  Consumers are also likely to be misled and confused as to the true source, sponsorship, or affiliation of the Infringing Products.

37.     Starbuzz is further informed and believes, and on that basis alleges, that Defendants, through their conduct, advertising and unauthorized use of the Infringing Mark in connection with their products, have misappropriated Starbuzz's advertising ideas and style of doing business and have infringed Starbuzz's trademarks, titles, and slogans.

38.     Starbuzz never consented, either orally or in writing, to allow Defendants to use trademarks identical or similar to the Starbuzz Marks for electronic cartridges and e-liquid.

## FIRST CLAIM
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
### Against All Defendants

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint as if fully set forth herein.

40.     Defendants' activities constitute infringement of Starbuzz's federally registered trademarks in violation of the Lanham Act, pursuant to 15 U.S.C. § 1114.

41.     Defendants have promoted, sold, and marketed, and continues to promote, sell, and market, E-Liquids using the Infringing Mark, which are identical or confusingly similar to the registered Starbuzz Marks.

42.     Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by Starbuzz, to the damage and harm of Starbuzz, its licensees, and the public.

43.     Because of Starbuzz's long, continuous, and exclusive use of the Starbuzz Marks, they have come to mean, and are understood by customers, end users, and the public to signify, Starbuzz's products.

44.     Starbuzz is informed and believes, and on that basis alleges, that its use of the Starbuzz Marks in commerce predates Defendants' use of the Infringing Mark in commerce.

45.     The Starbuzz Marks are highly distinctive, arbitrary and/or fanciful, and are entitled to strong trademark protection.

46.     Defendants continue to promote, sell and market the Infringing Products in connection with the Infringing Mark, in direct competition with

Starbuzz's products, which Starbuzz promotes, sells, and markets under the Starbuzz Marks.  Defendants therefore use the Infringing Mark on the same, related, or complementary category of goods as Starbuzz.

47.    Defendants' Infringing Mark is so similar in appearance, pronunciation, meaning, and commercial impression to the Starbuzz Marks, that consumers are likely to be confused as to the source of the parties' products.

48.    Starbuzz is informed and believes, and on that basis alleges, that Defendants market and sell their products throughout the United States, including California, and over the Internet.  Starbuzz also markets its goods to customers throughout the United States, and over the Internet.

49.    Defendants' conduct has been willful within the meaning of the Lanham Act.  At a minimum, Defendants acted with willful blindness to and in reckless disregard of Starbuzz's registered trademarks.

50.    As a result of the wrongful conduct, Starbuzz has suffered, and will continue to suffer, substantial damages.  Starbuzz is entitled to recover damages, which include any and all profits Defendants have made as a result of the wrongful conduct.  15 U.S.C. § 1117.

51.    In addition, because Defendants' infringement of Starbuzz's trademarks was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117.

52.     Starbuzz is also entitled to injunctive relief pursuant to 15 U.S.C. §1116.  Starbuzz has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Starbuzz's trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Starbuzz such that Starbuzz could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Starbuzz, is continuing.

53.     Starbuzz is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## SECOND CLAIM
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125
### Against All Defendants

54.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, inclusive, of this Complaint as if fully set forth herein.

55.     The acts and conduct of Defendants as alleged above in this Complaint constitute trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125.

56.     In connection with the Infringing Products, Defendants knowingly and willfully used in commerce, words, terms, names, symbols, or devices, or a

combination thereof, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Starbuzz, or as to the origin, sponsorship, or approval of Defendants' products.

57.    Defendants' acts and conduct are likely to deceive and/or mislead the public by, among other things, leading the public to conclude, incorrectly, that the infringing products, distributed, solicited for distribution, offered, advertised and marketed by Defendants originate with, are sponsored by, or are authorized by Starbuzz, causing confusion and uncertainty in the business of Starbuzz.

58.    Starbuzz is informed and believes, and on that basis alleges, that Starbuzz's use of several of the Starbuzz Marks in interstate commerce precedes Defendants' use of the Infringing Marks in interstate commerce.

59.    Defendants' intentional and willful infringement of the Starbuzz Marks has caused and will continue to cause damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law, thus Starbuzz is also entitled to injunctive and equitable relief against Defendants, under the Lanham Act.

60.    Starbuzz was damaged by these acts in an amount to be proven at trial.

# THIRD CLAIM
## COMMON LAW TRADEMARK INFRINGEMENT
### Against All Defendants

61.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60, inclusive, of this Complaint as if fully set forth herein.

62.     Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under the common law in that Defendants' use of the Infringing Mark constitutes an infringement and violation of Starbuzz's rights in its trademarks, and creates a likelihood that Starbuzz's customers, potential customers, and the public generally will be confused or misled as to the source of goods and services because they are likely to believe that Defendants' non-Starbuzz branded goods are affiliated with that of Starbuzz.

63.     By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public.  Defendants have benefited from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

64.     As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

# FOURTH CLAIM
## UNFAIR COMPETITION
### (UNDER BUS. & PROF. CODE §17200 ET SEQ.)
### Against All Defendants

65.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64, inclusive, of this Complaint as if fully set forth herein.

66.     Defendants' aforesaid acts constitute actionable wrongs under California Business and Professions Code §17200 *et seq.* in that Defendants' unlawful, unfair, or fraudulent use of words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Infringing Marks, create a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Starbuzz's and Defendants' goods.

67.     Starbuzz is informed and believes, and on that basis alleges, that Defendants performed the aforementioned actions in an attempt to unfairly compete with Starbuzz.

68.     As a direct and proximate consequence of Defendants' acts alleged herein, Starbuzz has been, is being, and, unless such acts and practices are enjoined, will continue to be injured in its business and in its property rights, and has suffered, is suffering, and will continue to suffer significant monetary damages and damages to its goodwill.

69.     On information and belief, Defendants' acts as alleged herein have

been committed willfully and with the knowledge that such acts will cause consumer confusion and mistake and/or will deceive the consuming public.

70.    As a direct and proximate consequence of Defendants' acts alleged herein, Defendants, and each of them, have caused and, unless such acts and practices are enjoined, will continue to cause, irreparable harm to Starbuzz for which there is no adequate remedy at law, and for which Starbuzz is entitled to preliminary and permanent injunctive relief pursuant to Business and Professions Code § 17203.

### **PRAYER FOR RELIEF**

WHEREFORE, Starbuzz requests entry of judgment in its favor and against Defendants as follows:

***As to the First and Second Causes of Action for Trademark Infringement against Defendants:***

1.    An Order finding that Defendants have infringed Starbuzz's intellectual property rights;

2.    An Order requiring Defendants to account for and disgorge any and all profits received by the use of Starbuzz's intellectual property pursuant to 15 U.S.C. §1117(a)(1);

3.      An award of the attorneys' fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. §1117(a)(3) and other applicable federal and state law;

4.      An Order directing the recall from the marketplace and destruction of any materials bearing Starbuzz's unauthorized trademarks, or any confusingly similar marks, including, but not limited to, the names BLUE MIST, CITRUS MIST, HAWAIIAN MIST, TROPICAL MIST, PEACH MIST, CARIBBEAN MIST and COOL MIST in any manner, for purposes of advertising or selling, or soliciting purchases of products or services, or products sold in the course of providing such services, or any related activities, pursuant to 15 U.S.C. §1118;

5.      A preliminary and permanent injunction, pursuant to 15 U.S.C. §1116, enjoining and prohibiting Defendants and any of their employees, servants, and agents and all persons in active concert or participation with any of them from:

A.      Using Starbuzz's unauthorized trademarks, or any confusingly similar marks, including, but not limited to, the names BLUE MIST, CITRUS MIST, HAWAIIAN MIST, TROPICAL MIST, PEACH MIST, CARIBBEAN MIST and COOL MIST, in any manner, on or in products, merchandise, or goods, or for purposes of advertising, selling, or soliciting purchases of, products or merchandise;

B.      Infringing on the Starbuzz Marks;

C. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above;

6. An Order requiring Defendants and any of their employees, servants, and agents and all persons acting in concert with or for them, to file with this Court and serve on Starbuzz, within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants has complied with the applicable injunction, pursuant to 15 U.S.C. §1116;

7. Pre-judgment and post judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

8. Any other or further relief that the Court deems appropriate, proper, and just.

***As to the Third Claim for Common Law Trademark Infringement against Defendants:***

1. An Order finding that Defendants have infringed Starbuzz's intellectual property rights and unfairly competed with Starbuzz;

2. Judgment for Starbuzz and against Defendants for actual, special, and consequential damages, in an amount to be proven at trial and for costs incurred in the litigation;

3.     An Order requiring Defendants to account for and disgorge all gains, profits, and advantages from the violations of California State, and common law;

4.     A preliminary and permanent injunction, enjoining and prohibiting Defendants, and any of their employees, servants, or agents, and all persons in active concert or participation with any of them from using the terms BLUE MIST, CITRUS MIST, HAWAIIAN MIST, TROPICAL MIST, PEACH MIST, CARIBBEAN MIST and COOL MIST to advertise, solicit business or otherwise compete with Starbuzz;

5.     Pre-judgment and post judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

6.     Any other or further relief that the Court deems appropriate, proper, and just.

***As to the Fourth Claim for Unfair Competition against Defendants:***

1.     An Order finding that Defendants have infringed Starbuzz's intellectual property rights and unfairly competed with Starbuzz;

2.     Judgment for Starbuzz and against the Defendants for actual, special, and consequential damages, in an amount to be proven at trial and for costs incurred in the litigation;

3.     A preliminary and permanent injunction, enjoining and prohibiting Defendants, and any of their employees, servants, or agents, and all persons in

active concert or participation with any of them from using the terms BLUE MIST, CITRUS MIST, HAWAIIAN MIST, TROPICAL MIST, PEACH MIST, CARIBBEAN MIST and COOL MIST to advertise, solicit business or otherwise compete with Starbuzz;

4.    Pre-judgment and post judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

5.    Any other or further relief that the Court deems appropriate, proper, and just.

Dated: September 25, 2014

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel
Attorneys for Plaintiff,
Starbuzz Tobacco, Inc.

## DEMAND FOR TRIAL BY JURY

Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all issues raised in the Complaint.

DATED:  September 25, 2014

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel
Attorneys for Plaintiff,
Starbuzz Tobacco, Inc.